# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-00319** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **JERRY L. RICHARDS** | : | |
| | : | |

## ORDER

AND NOW, this 30th day of November, 2010, upon consideration of the motion (Doc. 141) to restore a previously withdrawn 28 U.S.C. § 2255 petition[1] (Doc. 132) filed by *pro se* litigant Jerry Richards ("Richards") wherein Richards avers that the Miller notice issued by the court, and his election to withdraw his § 2255 motion was done in error, and that the court should not have issued an order providing him with guidance under United States v. Miller, 197 F.3d 664, 651 (3d Cir. 1999), but rather an order instructing him regarding his ability to amend his § 2255 petition, as stated in Maybe v. Felix, 545 U.S. 644 (2005), and Richards further averring that the court's order confused him into believing that he was not permitted to amend his habeas petition, resulting in a violation of his right to habeas relief, the court noting that Richards was convicted on a drug-related charge, (See Doc. 70), and that his conviction was affirmed by the Third Circuit Court of Appeals on July 7, 2008, (see Doc. 121), and that Richards filed a motion to vacate under § 2255 (Doc. 132) on

---

[1] On July 9, 2009, Richards filed a § 2255 motion averring that his conviction was a result of several due process violations. (Doc. 132). Richards claims that his due process rights were violated as a result of government misconduct, an improper Grand Jury hearing, and the ineffective assistance of counsel. (Id.) Richards did not raise any of theses claims in his post-conviction motions.

July, 9, 2009,[2] and the court further noting that upon receiving his petition, this court alerted Richards of the possible consequences to his habeas rights that he may suffer by filing a § 2255 motion, and, consistent with United States v. Miller, granted Richards leave to elect whether to have the court consider the motion (Doc. 132) under § 2255 and rule upon it as filed, or to withdraw the motion and file a comprehensive § 2255 motion, (see Doc. 133), and it appearing that Richards elected to withdraw his motion, (Doc. 134), and that Richards did not thereafter file a comprehensive § 2255 motion within the 120 days of the Notice of Election Order (id.), and the court finding that district courts are instructed to provide notice to *pro se* petitioners regarding the ramifications of the construction of a post-conviction motion under 28 U.S.C. § 2255, see Miller, 197 F.3d at 651; see also R. GOVERNING § 2255 CASES R. 4(b) (noting that a "second or successive motion" under § 2255 may be filed only in limited circumstances and with approval by a court of appeals), and that district courts are not required to act as advisory counsel for *pro se* litigants,[3]

---

[2] Richards is unable to file a § 2255 motion, as a matter of course, at this time, because he is barred by the statute of limitations. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section"). It appears that in order of avoid the statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Richards is attempting to resurrect his withdrawn motion.

[3] In Miller, the Third Circuit Court of Appeals instructed district courts to issue a warning to *pro se* habeas petitioners along with the option to take leave of court to amend, in order to avoid the denial of relief to petitioners as a result of misunderstanding the procedural requirements of the AEDPA. See Miller, 197 F.3d at 651. However, district courts are not required to assume duties for *pro se* litigants, such as explaining habeas procedure and calculating statutes of limitations, when such responsibilities would normally be addressed by counsel. Pliler v. Ford, 542 U.S. 225, 231 (2004) (citing McKaskle v. Wiggins, 465 U.S. 168,

the court concluding that Richard's argument that the court should have instructed him about his ability to amend a habeas petition under Mayle is without merit, it is hereby ORDERED that the motion (Doc. 141) to restore the withdrawn habeas petition is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

183-84 (1984)); United States v. Perry, 142 F. App'x 610, 613 (3d Cir. 2005) (holding that district courts are not required "to issue a procedural roadmap to every *pro se* litigant who files a pleading . . . expressing an intention to challenge his or her conviction or sentence").